[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10023
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00286-MMH-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QIAO CHU,
a.k.a. "Dott",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 18, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Defendant Qiao Chu and two codefendants originally were charged with various offenses relating to an alleged conspiracy to unlawfully import into the United States Chinese honey mislabeled as rice fructose syrup.  Prior to trial, the district court granted the defendants' motion to exclude the government's expert witness on the issue of the percent of honey by weight in the imported substances.  After briefly pursuing and then dismissing an interlocutory appeal, the government voluntarily dismissed all charges against defendant Chu and his two codefendants.

Defendant Chu then filed a motion for an award of attorney's fees and costs pursuant to the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes).  The district court denied Chu's motion, concluding that, apart from the government expert's unreliable microscopic analysis of the imported substances, "the government had a reasonable basis for its prosecution" and that defendant Chu had not carried his burden to prove "by a preponderance of the evidence that the government's overall litigating position was frivolous, vexatious, or in bad faith."

After review of the record and the parties' briefs, the Court concludes that defendant Chu has not shown reversible error in the district court's denial of his

2

motion under the Hyde Amendment.  The Court affirms that denial based on the district court's thorough and well-reasoned order dated December 19, 2017.

**AFFIRMED.**